Welch, J.
By the second section of article 15 of our state eon.stitution, and the statutes enacted under it (2 S. & C. 1201; 59 Ohio L. 86; 63 Ib. 190), the public printing is required to be let upon •contract, by the commissioners of printing, to the “lowest responsible bidder.”
Whether such lowest responsible bidder, when refused the contract, has any legal rights which as such lowest bidder he can enforce ; whether the commissioners, by granting the contract in good faith to another person, have thus exhausted their powers, and can not, therefore, until that contract is set aside, make another with *390 the proper person; and whether the commissioners have, in any supposable case, discretionary power to refuse a contract with the lowest responsible bidder, are questions argued in the present case, but which we do not deem it necessary now to decide. The court surely has some discretionary power in granting or refusing a mandamus ; and we are quite satisfied, irrespective of the proper decision of the questions named, that in the exercise of such a power, we ought to refuse that form of remedy in the present case.
The relators do not inform us how much lower their bid was than that of Webb, or whether the difference was merely nominal. For aught that appears, the object of the law, *which was to save [390 expense to the state, and, not to enrich the bidder, will be better effected by peforming than by attempting to rescind the contract with Webb. We are left to the inference, also, that the mistake was as much the fault of the relators as of the commissioners; that Webb made his contract in good faith, and that he in good faith, both before and after he received notice of the mistake, made outlays and incurred expenses in preparation for its fulfillment. Webb is not, and can not properly be, a party to this proceeding, and no adjudication here would or ought to bind him or affect his rights; and we can not know, but that in a subsequent case to which Webb may be a party, he will be able to show that he was in fact the lowest bidder. Besides, the relators show no reason for their long delay in making this application, nor what prevented them, if they had any legal rights in the premises, from asserting them, and asserting them immediately, in the form of an. action against Webb, .as well as the commissioners, to enjoin the making or performance of Webb’s contract, and to enforce the execution and fulfillment of one with them.
While, therefore, we are far from saying that a case might not arise where a mandamus should be granted at the suit of the lowest bidder, to compel the commissioners to execute and perform a a contract of the kind, we are satisfied that the present is not such a | case.

Mandamus refused.

Day, C. J., and Brinkerhoff, Scott, and White, JJ., concurred.